UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE PETERSON,<br><br>Petitioner,<br><br>v.<br><br>DAVE DAVIES,<br><br>Respondent. | No. 2:14-cv-2659 KJM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of four years imprisonment imposed in Yuba County on July 2, 2012 following a plea of guilty to assault with force likely to cause great bodily injury.[1] Petitioner's claims concern the amount of credit he received against his sentence of incarceration for time spent in custody prior to sentencing.

I. Standard For Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28

/////

---

[1] On July 2, 2012, petitioner was also sentenced to a consecutive one year prison term for assault with a deadly weapon. By the date of sentencing, however, petitioner had already served in excess of one year for that offense. CT 138-39.

1

U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d).") It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

When a state court rejects a federal claim without addressing the claim, a federal court presumes the claim was adjudicated on the merits, in which case § 2254(d) deference is

/////

applicable. Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013). This presumption can be rebutted. Id.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. "Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

II. Analysis

On June 12, 2012, petitioner pled guilty to assault with means to cause great bodily injury in the Superior Court of Yuba County. Pursuant to a negotiated agreement, petitioner was sentenced on July 2, 2012 to four years imprisonment. He was given 235 days sentence credit; 157 days served plus 78 days credit for good conduct. CT 138-39. The probation report prepared prior to petitioner's sentencing, CT 127-133, indicates that petitioner was in custody at the Yuba County Jail continuously between July 27, 2011 and the date of sentencing. However, petitioner was not given credit for the 184 days between December 7, 2011 and June 7, 2012. The author of the probation report explained why as follows:

> On June 25, 2012, [the author] spoke with Parole Agent Topp who advised [petitioner] was returned to custody for violation of parole for a period of twelve months with eligibility for conduct credit. [Petitioner's] sentence began on December 7, 2011, and ran through June 7, 2012. Agent Topp stated the nature of the parole violations were for absconding and for a drunk driving arrest from Sutter County. Agent Topp confirmed none of the parole violations were related to the [petitioner's] behavior . . . in the present matter[.] [Petitioner] is therefore not eligible for dual credit while serving his sentence of parole.

CT 129.

3

A review of other parts of the record calls into question the information provided by Parole Agent Topp. Petitioner asserts, and records he provides confirm, that he committed the offense of driving under the influence in Sutter County on January 6, 2011. ECF No. 1 at 21 & 120. At the time, he was on parole for committing a second degree burglary in Sutter County. CT 131; ECF No. 1 at 120. Petitioner's parole was not revoked for driving under the influence; instead, he was returned to parole. ECF No. 1 at 120.

Contrary to the parole agent's assertion that petitioner was in custody between December 2011 and June 2012, it appears that petitioner was not incarcerated during that period as evidenced by the fact that he committed yet another offense on February 24, 2011, CT 132, and on July 26, 2011, when he committed the offense for which he is currently in prison. Id. at 128. It would not make sense for the parole authority to allow petitioner to be released from custody during at least two distinct periods of time and then later order that he serve a year in prison beginning on December 7, 2011 for a violation of parole occurring the prior January.[2]

Nonetheless, according to documents provided by petitioner, it is clear that petitioner was found to be in violation of his parole (imposed as a result of his Sutter County conviction for second degree burglary) at a hearing held on October 31, 2011.[3] Petitioner's parole was revoked and he was ordered to serve 12 months in prison. ECF No. 1 at 132. There is no specific indication in the record when the sentence was to begin or end.

It is petitioner's burden to demonstrate that he is entitled to habeas relief, which in this case would be an order directing California Department of Corrections and Rehabilitation officials to reduce petitioner's sentence of imprisonment by 184 days for time petitioner spent in custody at the Yuba County Jail between December 7, 2011 and June 7, 2012, or possibly an

---

[2] In the probation report for petitioner's current offense, the reporting officer indicates petitioner violated terms of "parole" imposed in Sutter County Case 11000006902. CT 132. However, the report also indicates that petitioner was ordered to serve "probation" in 11000006902, without any prison time, id., which would make imposition of a term of parole impossible.

[3] Petitioner was charged with three violations: committing the offense which forms the basis for his current conviction, for resisting arrest prior to his being arrested for that offense, and for failing to report to a parole officer within 48 hours of his posting bail in Sutter County on July 8, 2011. ECF No. 1 at 121-134.

4

order remanding this matter to the Superior Court of Yuba County for resentencing. While it appears that petitioner is correct that he never served a term of incarceration for revocation of parole based upon absconding and drunk driving as indicated in the probation report prepared for sentencing concerning petitioner's commitment offense, nothing suggests the calculation as to how much credit petitioner is entitled is incorrect. As indicated, it is clear that petitioner was serving a term of parole when he was arrested for committing assault with means to cause great bodily injury, that term had been revoked on October 31, 2011 and petitioner was ordered to serve one year in prison.

Assuming that all of the foregoing is correct, which the parties appear to concede,[4] any arguable claim petitioner might have would be based upon the premise that petitioner cannot be forced to serve a year in prison for violating his parole by committing assault with means to cause great bodily injury and then four years for the actual commitment of that offense. But, as indicated above, petitioner's parole was not revoked simply because he committed assault with means to cause great bodily injury, petitioner was also found to have resisted arrest and failed to timely report to his parole officer. This being the case, petitioner is not entitled to credit against his prison sentence for assault with means to cause great bodily injury for time spent in custody for violation of parole. See People v. Stump, 173 Cal.App.4th 1264, (4th Dist., 2009) (Cal. Penal Code § 2900.5 which provides for sentence credit for all time spent in custody "attributable to proceedings related to the same conduct for which the defendant was convicted" is not intended to allow credit for a period of presentence restraint unless the conduct leading to the sentence was the true and unavoidable basis for the earlier custody). See also Robinson v. Marshall, 66 F.3d 249, 250 (9th Cir. 1995) (California prisoners do not have a liberty interest arising under the Due Process Clause of the Fourteenth Amendment in sentence credit for any period of presentence custody where the prisoner cannot show that he would have been free but for same conduct that led to conviction).

---

[4] Petitioner provides the documents indicating that his probation was revoked on October 31, 2011 and that he was ordered to serve one year in CDCR. Respondent makes no argument that petitioner ever had his parole revoked for absconding or driving under the influence. See ECF No. 15 (Resp't's Answer) at 10-15.

Because petitioner has failed to show that he was denied any sentence credit for presentence custody against the 4 year prison term imposed for assault with means to cause great bodily injury to which he was entitled under law, he fails to show any basis for federal habeas relief.[5]

The court notes that petitioner raised the claims he raises in this action on collateral review. The Superior Court of Yuba County denied petitioner's claims on procedural grounds and did not address the merits of petitioner's claims. Resp't's Lodged Doc. No. 6. The California Court of Appeal and the California Supreme Court denied petitioner's claims without comment. Resp't's Lodged Doc No. 7 & 8. This being the case, petitioner's claims were never addressed on the merits by California's courts, rendering the degree of deference required under 28 U.S.C. § 2254(d) inapplicable. However, even if the court assumes petitioner's claims were denied on the merits by the California Supreme Court, the decision denying the claims is not contrary to, nor does it involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Further, the decision is not based upon an unreasonable determination of the facts.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner

---

[5] Respondent asserts at least some of petitioner's claims should be rejected under the "procedural default" doctrine. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). Because a court can reach a procedurally defaulted claim if not doing so would amount to a fundamental miscarriage of justice, McCleskey v. Zant, 499 U.S. 467, 494 (1993) and petitioner's assertion that he is being held past his release date due to an incorrect calculation of presentencing sentence credit at least suggests a fundamental miscarriage of justice, the court elected to bypass respondent's procedural default argument to the merits of petitioner's claims. After finding that petitioner has not demonstrated that he is entitled to more credit against his sentence for time spent in custody before sentencing, there is no need to address respondent's procedural default argument.

may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2015

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

1
pete2659.157