1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JONATHAN WAYNE PETERSON,                    No.  2:14-cv-2659 KJM CKD P

12                    Petitioner,

13         v.                                     ORDER

14    DAVE DAVIES,

15                    Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas

18    corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as

19    provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On April 27, 2015, the magistrate judge filed findings and recommendations, which were

21    served on all parties and which contained notice to all parties that any objections to the findings

22    and recommendations were to be filed within fourteen days.  Petitioner has filed objections to the

23    findings and recommendations.

24         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25    court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court

26    defers consideration of the findings and recommendations and refers the matter to the Office of

27    the Federal Defender for consideration of whether petitioner is eligible for appointment of

28    counsel.

1

1        Petitioner claims that he was improperly denied 184 days of presentence custody credits

2  as well as 92 days of conduct credit against the four year prison term he is currently serving

3  following his 2012 conviction on charges of assault with force likely to cause great bodily injury

4  in violation of California Penal Code § 245(a)(1).  Petitioner claims this denial was due to

5  erroneous information in a probation report.  Specifically, petitioner contends he should have

6  received credit for a period between December 7, 2011 and June 7, 2012, when petitioner was in

7  custody at the Yuba County Jail.

8        The magistrate judge finds that "[c]ontrary to the parole agent's assertion that petitioner

9  was in custody between December 2011 and June 2012, it appears that petitioner was not

10  incarcerated during that period as evidenced by the fact that he committed yet another offense on

11  February 24, 2011, CT 132, and on July 26, 2011, when he committed the offense for which he is

12  currently in prison.  *Id*. at 128."  ECF No. 20 at 4.  Although not entirely clear, it appears that the

13  magistrate judge intended to find that, while petitioner was in custody between December 2011

14  and June 2012, contrary to the parole agent's assertion the basis for that incarceration was not

15  parole violations for absconding and for a drunk driving arrest from Sutter County.

16        This court's review leads it to conclude the record reflects the following:  Petitioner was

17  arrested on July 26, 2011 on the charges that led to his present incarceration.  ECF No. 1 at 126-

18  128, 133.  He was arraigned on those charges on July 28, 2011.  ECF No. 1 at 81-83.  Prior to his

19  arrest, petitioner had been free on his own recognizance (O.R.) following a July 8, 2011

20  conviction for assault with a deadly weapon.  ECF No. 1 at 82-86.  Following the arraignment,

21  petitioner's O.R. release was revoked, bail was set at $80,000, and petitioner was remanded to

22  custody.  *Id*. at 86-89.  On August 2, 2011, a parole agent retained petitioner's parole hold and

23  referred petitioner to the Board of Parole Hearings (BPH) for a parole revocation hearing.  *Id*. at

24  123-24.  The record before the court shows that some action was taken by the BPH on August 8,

25  2011.  *Id*. at 130.  That action was subsequently rescinded at a hearing on October 31, 2011.  *Id*.

26  at 133.  At the October 31, 2011 BPH hearing, petitioner's parole was revoked with a return to

27  custody for 12 months.  *Id*.  The revocation offense is identified as "245(a)(1)," the same as the

28  charge for which petitioner is currently incarcerated.  *Id*.  The findings of the hearing officers

1   include failure to report and resisting arrest as well as the assault with a deadly weapon charge.

2   *Id*. at 131-32.  In another section of the summary of decision, in a space for "Reasons Remedial

3   Sanctions Not Chosen," a box is checked and the words "pending local criminal charges" appear

4   next to the checked box.  *Id*. at 133.  There is nothing in the record that shows when, if ever,

5   petitioner commenced serving the 12 month return to custody following this parole revocation.

6            A fair reading of the record thus suggests that the basis for petitioner's incarceration

7   between December 2011 and June 2012 was either his inability to post bail pending resolution of

8   the criminal charges that led to his present incarceration or the parole revocation term imposed on

9   October 31, 2011, and not the reasons relied on by the state trial court in denying petitioner credit

10  against his sentence for this period.

11           Petitioner may have a liberty interest in credit for presentence custody if he can "show

12  'that he could have been free' during the time period in question 'but for the same conduct that

13  led to the instant conviction and sentence.'"  *Robinson v. Marshall*, 66 F.3d 249, 250 (9th Cir.

14  1995).  Before the court can assess whether petitioner may be entitled to habeas corpus relief on

15  this claim, the record must be expanded to include evidence of when, if at all, petitioner was

16  incarcerated on the parole revocation term imposed at the October 31, 2011 parole revocation

17  hearing.

18           In light of the complexity of the legal issues involved, the court has determined that the

19  interests of justice may require appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B).  The

20  matter will be referred to the Office of the Federal Defender to determine whether petitioner is

21  financially eligible for appointment of counsel.  Thereafter, the court will make such further

22  orders as are necessary to resolution of this action.

23           In accordance with the above, IT IS HEREBY ORDERED that this matter is referred to

24  the Office of the Federal Defender.  Within fourteen days of this order, the Federal Defender shall

25  inform the court in writing whether petitioner is financially eligible for appointment of counsel in

26  this matter.

27  DATED:  September 29, 2015.

28

3      UNITED STATES DISTRICT JUDGE